DECISION
{¶ 1} Plaintiff-appellee and cross-appellant, the State of Ohio, filed a motion requesting (1) reconsideration pursuant to App.R. 26(A) of our opinion in this case rendered December 30, 2005, and (2) certification pursuant to App.R. 25 of an alleged conflict between our opinion and that of two other appellate districts. Our opinion held that under Sup.R. 20 a defendant, who was tried prior to the United States Supreme Court's opinion inAtkins v. Virginia (2002), 536 U.S. 304 and pursues through post-conviction relief a first time Atkins claim within in the 180-day period established in State v. Lott, 97 Ohio St.3d 303,2002-Ohio-6625, is entitled to two attorneys. Because defendant was not afforded two attorneys in the trial court, we reversed and remanded this matter to the trial court for a new evidentiary hearing on defendant's Atkins-Lott claim.
 {¶ 2} We first address the state's motion for reconsideration. The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that either was not considered at all or was not fully considered by the court when it should have been. Matthews v. Matthews (1981),5 Ohio App.3d 140, 143. An application for reconsideration is not designed for use in instances where a party simply disagrees with the logic or conclusions of the court. State v. Owens (1996),112 Ohio App.3d 334.
 {¶ 3} The state's motion reasserts many of the points it argued in the appeal. Initially, the state contends our prior opinion is erroneous in allowing defendant a new hearing due to the trial court's failure to appoint two attorneys to pursue hisAtkins claim. The state maintains that Sup.R. 20 does not apply to post-conviction proceedings, and even if it did, the superintendence rules do not provide a basis for reversal. In support of its argument, the state cites State v. Misch (1995),101 Ohio App.3d 640, State v. Cornwell, Mahoning App. No. 00-CA-217, 2002-Ohio-5177, and State v. Bays (Jan. 30, 1998), Greene App. No. 95-CA-118. The state further argues that prejudice cannot be presumed simply because a defendant did not have the benefit of two attorneys.
 {¶ 4} For those capital defendants tried prior to Atkins,Lott undisputedly adopted post-conviction relief as the appropriate means for raising an Atkins claim. Short of requiring a new trial for all defendants in those circumstances, the Supreme Court in Lott had little alternative but to determine that post-conviction proceedings provided the most reasonable avenue to address such a claim. Even so, that determination does not inevitably lead to the further conclusion that post-conviction rules apply to all aspects of an Atkins
claim.
 {¶ 5} For example, the 180-day window created for Atkins
claims also includes a change in the burden of proof: the lesser standard of preponderance of the evidence applies in determining if the defendant is mentally retarded, even if the petition is untimely or a successive petition for post-conviction relief. SeeState v. Carter, 157 Ohio App.3d 689, 2004-Ohio-3372, at ¶ 10
(recognizing the Lott court's departure from R.C. 2953.23 by granting a petitioner who was sentenced to death before its decision 180 days to file a petition; "[t]he court softened the R.C. 2953.23(A)(2) requirement that a petitioner demonstrate prejudicial constitutional error by clear and convincing evidence"). We recognize that Lott characterized the petition there as akin to a "first petition" in "post-conviction" relief, but the court did so based on the fact that a defendant did not have the opportunity to litigate a claim of mental retardation prior to Atkins and to support its departure from the "clear and convincing" standard of proof in R.C. 2953.23.
 {¶ 6} While necessarily couched in the framework of a post-conviction petition, defendant's claim in reality is a trial issue properly raised for the first time in a trial proceeding. Because defendant's trial was concluded prior to Atkins,
defendant never had the opportunity to raise his Atkins
defense, where he would have had the benefit of two attorneys. Given the nature of the penalty involved in this case and the substance of the determination under an Atkins claim, we properly concluded defendant is entitled to two attorneys, as he would have been if he could have raised his Atkins defense at trial.
 {¶ 7} Further, while the state contends the Superintendence Rules are generally considered internal housekeeping rules that do not create substantive rights, the state does not suggest a capital defendant is not entitled under Sup.R. 20 to two trial attorneys for his or her trial. Atkins announced a constitutional protection, prohibiting execution of mentally retarded individuals, that will be exercised at future trials where, in connection with Sup.R. 20, defendants will have two attorneys. To render the Atkins claim equally accessible to defendants already tried, Sup.R. 20 properly is applied toAtkins claims pursued under Lott. Indeed, on December 28, 2005, the Ohio Supreme Court declined to review State v.Lorraine, Trumbull App. No. 2003-T-0159, 2005-Ohio-2529, appeal not allowed, 107 Ohio St.3d 1697, 2005-Ohio-6763, the case on which the majority relied in our prior opinion. Lorraine
similarly concluded two attorneys were necessary in circumstances such as those present in this case. While Sup.R. 20 has been amended since Lorraine, defendant would be entitled to two attorneys because he was "charged with" a capital crime.
 {¶ 8} The state's argument that defendant has not demonstrated any prejudice from being appointed only one attorney was raised in the state's appellate brief and does not provide a basis for reconsideration. The state does not cite any cases that require a showing of prejudice in these specific circumstances; nor does the state suggest how a defendant would demonstrate such prejudice on direct appeal. In the absence of such factors, we cannot discern any obvious error in our prior opinion.
 {¶ 9} The state's motion for reconsideration also asserts we should reconsider our holding that a trial court must consider evidence of measurement error; the state contends nothing inAtkins or Lott requires such consideration in determining whether a defendant is intellectually deficient under the first prong of the three-part Lott test. The state thus asserts that our use of the phrase "must adjust" is inconsistent with the AAMR and DSM-IV.
 {¶ 10} In the event our prior opinion is unclear, we reiterate that a trial court cannot simply reject measurement error as a concept. In determining whether an individual is intellectually deficient, the AAMR and DSM-IV-TR include an assessment of measurement error in the test itself due to the potential for error in psychological testing. The appropriate measurement error in a given case may be based on a variety of factors, but if the undisputed, credible evidence supports some measurement error, the court must adjust the score, however nominally. If the evidence diverges on the degree on measurement error, then the trial court must determine the evidence it deems more credible, as it ordinarily does in the face of conflicting evidence. Further, our opinion does not, as the state suggests, differentiate between adjusting the score upward or downward.
 {¶ 11} Here, the trial court heard undisputed expert testimony regarding measurement error and rejected it as a concept. The trial court erred in refusing to consider Dr. Reardon's testimony, given the lack of any contrary evidence or any aspect of cross-examination that undermined Dr. Reardon's testimony in that regard.
 {¶ 12} Because the state does not raise any issue not previously considered and does not set forth an obvious error in our prior opinion, the state's motion for reconsideration on all grounds is denied.
 {¶ 13} In its motion to certify a conflict, the state requests this court to certify the following two questions of law:
(1) Whether a violation of a Superintendence Rule 20 (formerly Superintendence Rule 65) results in an automatic finding of prejudice warranting reversal.
(2) Whether a trial court must consider and adjust for the margin of error in determining whether a defendant satisfies the IQ prong of the MR definition under Atkins and Lott.
To support certification, the state cites as conflicting authority Misch, supra, for the first question, and State v.Elmore, Licking App. No. 2005-CA-32, 2005-Ohio-5940, for the second question.
 {¶ 14} Pursuant to Section 3(B)(4), Article V, Ohio Constitution, a court of appeals is required to certify a conflict when its judgment is in conflict with the judgment pronounced upon the same question by any other courts of appeals in the state of Ohio. An actual conflict must exist between appellate judicial districts on a rule of law before certification of a case to the Supreme Court for review and final determination is proper. Whitelock v. Gilbane Bldg. Co. (1993),66 Ohio St.3d 594. It is not enough that the reasoning expressed in the opinions in the two courts of appeals is inconsistent; the judgment of the two courts must be in conflict. Further, the alleged conflict must be on a rule of law and not based on facts, as factual distinctions between cases do not serve as a basis for certifying a conflict. Whitelock, at 599.
 {¶ 15} Relying on Misch, the state maintains that we must certify the question of whether a defendant raising an Atkins
claim for the first time, within 180 days of the Lott decision, is entitled to two attorneys. Misch involved a failure to certify one of the two attorneys appointed to a defendant pursuant to Sup.R. 65, the predecessor to Sup.R. 20. The court found that lack of certification of defense counsel as "experienced" did not automatically result in prejudicial error for purposes of an ineffective assistance of counsel claim where defendant did not allege that counsel's performance was deficient. Misch, supra, at 651.
 {¶ 16} Unlike Misch, this case addresses a new constitutional protection to potentially mentally retarded defendants facing the death penalty. Moreover, it does not involve an ineffective assistance of counsel claim based on lack of "certification" under Sup.R. 20, but the complete absence of one of the two attorneys required under Sup.R. 20. Misch does not support certification.
 {¶ 17} The state also requests certification of whether a trial court must consider and adjust for measurement error. The state cites Elmore, supra, as being in conflict with our holding and quotes the following language from Elmore: "Dr. Rheinscheld does not dispute that appellant's IQ is above 70; rather he relies on the five-point margin of error which was not adopted by the Supreme Court in Lott. Without this five-point margin of error, appellant would not meet the first prong of theAtkins-Lott test. Accordingly, Dr. Rheinscheld's affidavit adds nothing new to the record and is based upon an assumption that, while it may be valid in the field of psychology, is not a valid factor in assessing mental retardation for an Atkins-Lott
claim." Elmore, at ¶ 49.
 {¶ 18} In Elmore, the defendant raised a post-conviction claim of ineffective assistance of counsel. The trial court dismissed defendant's petition without an evidentiary hearing; defendant appealed. In support of his ineffective assistance of counsel claim, the defendant contended that because his defense expert was not qualified to diagnose mental retardation, defendant's trial counsel erred in failing to present testimony from a qualified mental retardation expert. As relevant here, the record demonstrated that trial counsel never intended to make anAtkins claim; trial counsel investigated the possibility and concluded the claim could not be supported. Instead, trial counsel chose to rely on brain impairment as a factor in mitigation. The Elmore court found no ineffective assistance of counsel based on the tactical decision not to pursue an Atkins
defense to the death penalty. Elmore, at ¶ 50. Although the court in Elmore suggested that measurement error was not a valid factor to support an Atkins-Lott claim, such language is merely dicta, as the defendant never raised an Atkins-Lott
claim. Elmore therefore does not support certification.
 {¶ 19} Accordingly, the state's motion to certify a conflict is denied.
 {¶ 20} Because the state does not raise any issue not previously considered and does not point to any obvious error in our prior opinion, the state's motion for reconsideration is denied. Further, because the authority the state relies on fails to support certification, the state's motion to certify a conflict is denied.
Application for reconsideration denied; motion to certifyconflict denied.
Brown, J., concurs.
McGrath, dissents.