[Cite as *State v. Whitacre*, 2023-Ohio-1691.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CARL E. WHITACRE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MO 0008**

---

Application for Reconsideration

**BEFORE:**
Carol Ann Robb, David A. D'Apolito, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Dave Yost*, Ohio Attorney General, *Atty. Andrea K. Boyd*, Assistant Attorney General, Ohio Attorney General's Office, 30 East Broad Street, 23rd Floor, Columbus, Ohio 43215 for Plaintiff-Appellee and

*Carl Whitacre*, *pro se*, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, Ohio 43724 Defendant-Appellant.

Dated: May 18, 2023

**PER CURIAM.**

**{¶1}** Carl E. Whitacre applies for reconsideration of our decision affirming his convictions for possession of methamphetamine; illegal conveyance of prohibited items onto the grounds of a detention facility; menacing by stalking; and violating a protective order. *State v. Whitacre*, 7th Dist. Monroe No. 21 MO 0008, 2023-Ohio-1029. Whitacre's application is denied.

**{¶2}** App.R. 26(A)(1) permits an appellant to file an application for reconsideration after an appeal. Our review is dictated by caselaw since the rule does not provide guidelines to be used by a court assessing the merits of a reconsideration.

**{¶3}** An application for reconsideration "is not designed for use in instances where a party simply disagrees with the logic or conclusions of the court." *State v. Burke*, 10th Dist. No. 04AP-1234, 2006-Ohio-1026, ¶ 2, citing *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Moreover, an application for reconsideration does not permit the applicant to raise new arguments or issues for review that were not raised on appeal. *State v. Wellington*, 7th Dist. No. 14 MA 115, 2015-Ohio-2095, ¶ 9.

**{¶4}** The test generally applied to reconsiderations is whether the applicant identifies "an obvious error in [the] decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." *Electronic Classroom of Tomorrow v. State Bd. of Education*, 10th Dist. Franklin No. 17AP-767, 2019-Ohio-1540, ¶ 3, *aff'd sub nom. Electronic Classroom of Tomorrow v. State Bd. of Education*, 166 Ohio St.3d 96, 2021-Ohio-3445, 182 N.E.3d 1170; *State v. Carosiello*, 7th Dist. Columbiana No. 15 CO 0017, 2018-Ohio-860, ¶ 12.

**{¶5}** Here, Whitacre does neither. Whitacre's motion to reconsider raises four conclusory arguments. Whitacre contends the trial court erred by denying his motion to suppress and erred by holding his speedy trial time was not violated. Whitacre also contends he was denied the effective assistance of trial counsel and that his convictions are against the weight of the evidence. These were the precise issues raised on appeal, which we addressed in detail in our opinion.

**{¶6}**    The substance of Whitacre's application reargues the issues already raised and addressed, and he appears to disagree with our logic and reasoning.  After a review of the facts and applicable law, we agreed with the trial court's decision overruling his motion to suppress.  *State v. Whitacre, supra,* at ¶ 16-35.  We likewise found the trial court did not err in overruling Whitacre's motion to dismiss based on speedy trial grounds in light of his time waiver.  *Id.* at ¶ 36-52.  Whitacre's effective assistance of trial counsel argument was also fully addressed on the merits.   *Id.* at ¶ 53-72.  Last, we fully vetted his fourth assigned error concerning the manifest weight of the evidence and found no error.  *Id.* at ¶ 73-95.

**{¶7}**    Because Whitacre does not identify an obvious error in our decision or raise an issue that we either did not consider or that we did not fully consider, his application for reconsideration is denied.

**JUDGE CAROL ANN ROBB**

**JUDGE DAVID A. D'APOLITO**

**JUDGE MARK A. HANNI**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**