[Cite as *State v. Fox*, 2023-Ohio-1981.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

       Plaintiff-Appellee,               :

                                                  No. 19AP-677

v.                                                            :               (C.P.C. No. 15CR-5585)

Lewis R. Fox,                                          :               (ACCELERATED CALENDAR)

       Defendant-Appellant.          :

---

D E C I S I O N

Rendered on June 15, 2023

---

**On brief:** *Lewis R. Fox*, pro se.

---

ON APPLICATION FOR RECONSIDERATION

BEATTY BLUNT, P.J.

{¶ 1} Defendant-appellant, Lewis R. Fox, has filed an application, pursuant to App.R. 26(A)(1), for reconsideration of our decision in *State v. Fox*, 10th Dist. No. 19AP-677, 2020-Ohio-5521, *discretionary appeal not accepted for review*, 162 Ohio St.3d 1411, 2021-Ohio-961. For the reasons that follow, we deny appellant's application.

{¶ 2} " 'App.R. 26(A) provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law.' " *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 10th Dist. No. 03AP-269, 2004-Ohio-2715, ¶ 2, quoting *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist.1996). When presented with an application for reconsideration, pursuant to App.R. 26(A)(1), an appellate court must determine "whether the [application] calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 68 (10th

Dist.1987), following *Matthews v. Matthews*, 5 Ohio App.3d 140 (10th Dist.1982). However, an application for reconsideration is not intended "for use in instances where a party simply disagrees with the logic or conclusions of the court." *State v. Burke*, 10th Dist. No. 04AP-1234, 2006-Ohio-1026, ¶ 2. An application for reconsideration is likewise "not a means to raise new arguments or issues." *Elec. Classroom of Tomorrow v. State Bd. of Edn.*, 10th Dist. No. 17AP-767, 2019-Ohio-1540, ¶ 3, citing *State v. Wellington*, 7th Dist. No. 14 MA 115, 2015-Ohio-2095, ¶ 9.

{¶ 3} Fox stands convicted of two counts of felonious assault in violation of R.C. 2903.11 and associated firearm specifications following a jury's finding of guilt and the trial court's imposition of a ten-year term of incarceration. Fox filed a direct appeal from his judgment of conviction challenging both the sufficiency and manifest weight of the evidence to convict him and the trial court's decision to decline instructing the jury on the offense of negligent assault. This court affirmed his conviction after determining the evidence presented at trial reasonably demonstrated that Fox acted knowingly in causing serious physical harm to one woman and in attempting to cause physical harm to a second woman by means of a deadly weapon, despite Fox's attempt to characterize the shooting as an accident.[1] *See State v. Fox*, 10th Dist. No. 17AP-295, 2018-Ohio-501, *discretionary appeal not allowed*, 152 Ohio St.3d 1484, 2018-Ohio-1990.

{¶ 4} While his direct appeal was pending in this court, Fox filed a pro se postconviction petition arguing that his trial counsel was ineffective for numerous reasons. The trial court ultimately denied the petition without a hearing. Fox appealed the trial court judgment denying his petition for postconviction relief and raised three assignments of error for our review: (1) the trial court erred when it dismissed his petition based upon the lack of evidence and/or res judicata; (2) the trial court erred in failing to hold an evidentiary hearing; and (3) he was denied the effective assistance of counsel.

{¶ 5} This court affirmed the trial court judgment denying the petition for postconviction relief. In doing so, we reviewed the record and postconviction evidence submitted and arrived at the same conclusion as the trial court: "there were insufficient

---

[1] A detailed review of the underlying facts of the case is provided in *State v. Fox*, 10th Dist. No. 17AP-295, 2018-Ohio-501, ¶ 2-8 and *State v. Fox*, 10th Dist. No. 19AP-677, 2020-Ohio-5521, ¶ 3.

facts presented to support his claims." *Fox*, 2020-Ohio-5521, ¶ 12. Specifically, we observed:

> (1) that Fox rejected the proffered plea agreement on the record following a detailed back-and-forth discussion with the trial court, *see* Decision at 2-3; (2) that Fox's petition contained no evidence other than bare allegations to support its claims that trial counsel had failed to adequately investigate the crime scene; (3) that defendant and the state had entered into a stipulation at trial regarding the trajectory of the bullet; (4) that there was no clear basis to suggest that counsel's witness preparation * * * was inadequate; (5) that Fox's testimony was sufficient to establish his claims of injury and to support his claim of accidental weapon discharge; (6) that there is no evidence to suggest that Fox was prejudiced by the decision to forego calling [the victim]'s doctor as a witness since the bullet's trajectory through her right thigh and buttock is undisputed; (7) that Fox wholly failed to show how he was prejudiced by trial counsel's alleged failure to hire a private investigator; (8) that Fox failed to demonstrate how a ballistics expert would have benefited his defense; (9) that Fox's own testimony rendered any "gun expert" unnecessary; (10) that a jury instruction for misdemeanor reckless assault would have been inconsistent with Fox's own testimony and accident defense; (11) that counsel's decisions regarding the presentation of evidence were within the realm of a sound trial strategy; and (12) that Fox consented to and approved each continuance entry and waiver of his right to speedy trial on the record.

*Id.* Based on our evaluation of the record and petition evidence submitted, we determined the trial court correctly evaluated the evidentiary materials with which it had been provided and did not abuse its discretion in determining that Fox failed to present evidence containing sufficient operative facts demonstrating his constitutional rights were violated. As a result, we overruled Fox's assignments of error.

{¶ 6} In the instant application for reconsideration, Fox challenges this court's determinations related to his trial counsel failing to secure various experts ("medical," "forensic technologists," "ballistic experts"). (Application at 2, 4.) Specifically, he asserts this court "failed to acknowledge the trial counsel's total disregard to inquire of any expert witnesses" due to trial counsel's belief that experts were not an option given Fox's limited resources. (Application at 2.) Citing to *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986),

Fox argues it was error for this court to rely on his trial testimony to "negate[] trial court's pre-trial responsibilities." (Application at 2.) In Fox's view, the experts "would have provided quality/credible testimonials and prevented the need of petition's (incriminating) testimony" and, had trial counsel utilized experts, the outcome of the trial would have been different. (Application at 4.) For example, Fox believes that expert testimony would have shown that testimony related to the non-injured women being "in the line of fire" (to support the second count of felonious assault) to be "objectively unreasonable." (Application at 3.) Lastly, Fox asserts res judicata could not apply here since "no discussion * * * had taken place between trial counsel and [Fox] prior to trial." (Application at 2.)

{¶ 7} Having reviewed Fox's motion for reconsideration, we conclude this court already addressed, in our decision affirming the trial court's denial of Fox's petition for postconviction relief, the issues raised by Fox in the instant petition concerning his trial counsel's alleged deficient pre-trial performance related to the lack of experts. In *Fox*, 2020-Ohio-5521, ¶ 12, we reviewed the record and specifically found no evidence to suggest Fox was prejudiced by trial counsel's decision to forego calling a doctor as a witness concerning the bullet trajectory or hiring a private investigator, held that Fox failed to demonstrate how a ballistics expert would have benefited his defense, and determined that Fox's testimony rendered a gun expert unnecessary. We further concluded on this record that Fox's trial counsel's decision regarding the presentation of evidence was within the realm of a sound trial strategy. While Fox disagrees with our conclusions, his differing view of the materials he provided the trial court in support of his postconviction petition and of the record generally does not warrant granting an application for reconsideration. *Jezerinac v. Dioun*, 10th Dist. No. 18AP-479, 2020-Ohio-587, ¶ 2 ("[A]n application for reconsideration is not intended for instances where a party simply disagrees with the logic or conclusions of the court.").

{¶ 8} Moreover, Fox's application for reconsideration does not raise an obvious error in our conclusions. Fox appears to reference *Kimmelman* to argue this court was precluded from considering his own trial testimony in considering the prejudice prong of the test set forth in *Strickland v. Washington*, 466 U.S. 668, 694 (1984) to establish an ineffective assistance of counsel claim. However, *Kimmelman* concerned the deficiency rather than the prejudice prong of *Strickland* and, moreover, its holding on the deficiency

prong rested on trial counsel's complete failure to conduct pretrial discovery. *See Kimmelman* at 386 (holding the deficiency prong of *Strickland* was met in a case where the court "deal[t] with a total failure to conduct pretrial discovery, and one as to which counsel offered only implausible explanations"); *Hinton v. Alabama*, 571 U.S. 263, 274 (2014), citing *Kimmelman*. Contrary to Fox's position, *Kimmelman* does not support his attempt to show an obvious error in this court's decision.

{¶ 9} Because Fox has not shown an obvious error in this court's decision or raised an issue for consideration that was either not considered at all or was not fully considered by this court when it should have been, his application for reconsideration pursuant to App.R. 26(A) fails. *Hodge*; *Matthews*. Accordingly, we deny Fox's application for reconsideration. *Burke*, 2006-Ohio-1026, ¶ 12.

*Application denied.*

DORRIAN and BOGGS, JJ., concur.

————————————