[Cite as *State v. Adams*, 2024-Ohio-3120.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BENNIE L. ADAMS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0086**

---

Application for Reconsideration

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Gina DeGenova,* Mahoning County Prosecutor, *Atty. Ralph M. Rivera,* Chief, Criminal Division, *Atty. Edward A. Czopur,* Assistant Prosecutor, Mahoning County Prosecutor's Office for Plaintiff-Appellee

*Atty. Kimberly S. Rigby,* Managing Counsel, *Atty. Renee Severyn,* Assistant State Public Defender for Defendant-Appellant.

**Dated:** August 15, 2024

**PER CURIAM.**

{¶1} Appellant, Bennie L. Adams, seeks reconsideration of our decision in *State v. Adams*, 2024-Ohio-2487 (7th Dist.). For the following reasons, his application is denied.

{¶2} App.R. 26(A)(1) permits an appellant to file an application for reconsideration. The test generally applied to reconsiderations is whether the applicant identifies "an obvious error in [the] decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." *Electronic Classroom of Tomorrow v. Ohio State Bd. of Education*, 2019-Ohio-1540, ¶ 3 (10th Dist.), *aff'd sub nom. Electronic Classroom of Tomorrow v. State Bd. of Education*, 2021-Ohio-3445; *State v. Carosiello*, 2018-Ohio-860, ¶ 12 (7th Dist.).

{¶3} An application for reconsideration "is not designed for use in instances where a party simply disagrees with the logic or conclusions of the court." *State v. Burke*, 2006-Ohio-1026, ¶ 2 (10th Dist.), citing *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist.1996). Moreover, an application for reconsideration does not permit the applicant to raise new arguments or issues for review that were not raised on appeal. *State v. Wellington*, 2015-Ohio-2095, ¶ 9 (7th Dist.).

{¶4} Here, Appellant claims our opinion is internally conflicted since we indicated testimony about the jurors' exposure to news sources was relevant, but did not find the trial court's limiting instruction in this regard was error. Appellant intimates our reference to the trial court's possible reasoning for its ruling, as streamlining the hearing or judicial economy, is an obvious error. We disagree.

{¶5} We explained in significant detail that the issue about which Appellant complains, i.e., jurors' exposure to pretrial media, was adequately addressed. Most of the jurors answered questions in this regard at the hearing, and their voir dire questionnaires, which they answered before trial commenced, asked these precise questions and were introduced at the hearing. Appellant simply disagrees with our decision that the trial court did not abuse its discretion.

**{¶6}** More importantly, regardless of the reason for the court's limiting instruction, the issues to be examined at the *Remmer* hearing were "'when the jurors learned about his prior rape conviction and * * * what, if any, impact any prior conviction knowledge may have had [on the jury's decision.]' *Id.* (applying *Cunningham v. Shoop*, 23 F.4th 636 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 37 (2022)." *Id.* at ¶ 47.  We found:

> Defense counsel questioned each juror on the critical issues before it, i.e., whether the juror knew about Appellant's rape conviction or prison term at the time of trial.  None of the jurors testified they were aware of the prejudicial information before deliberating or recommending Appellant's sentence.
>
> Thus, to the extent the trial court limited questioning about specific media exposure, we find no abuse of discretion.

*Id. at* ¶ 80-81.

**{¶7}** Because Appellant does not identify an obvious error in our decision or raise an issue that we either did not consider or that we did not fully consider, his application for reconsideration is denied.

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

**JUDGE KATELYN DICKEY**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**