[Cite as *State v. Nelson*, 2024-Ohio-1822.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2023CA00064 |
| TAHI NELSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:      Appeal from the Stark County Court of
                                                      Common Pleas, Case No. 2020CR0921

JUDGMENT:                                   Reversed and Remanded

DATE OF JUDGMENT ENTRY:     May 9, 2024

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

KYLE L. STONE                             ALLISON F. HIBBARD
Prosecuting Attorney                      4403 St. Clair Avenue
Stark County, Ohio                         Cleveland, Ohio 44103

CHRISTOPHER A. PIEKARSKI
Assistant Prosecuting Attorney
Appellate Division
110 Central Plaza South, Suite #510
Canton, Ohio 44702-1413

*Hoffman, J.*

**{¶1}** Defendant-appellant Tahi Nelson appeals the May 25, 2023 Judgment Entry entered by the Stark County Court of Common Pleas, which denied his petition for post-conviction relief and granted plaintiff-appellee the state of Ohio's motion to dismiss.

STATEMENT OF THE CASE[1]

**{¶2}** On July 27, 2020, the Stark County Grand Jury indicted Appellant on one count of murder, in violation of R.C. 2903.02(A)/(D) and R.C. 2929.02(B), an unclassified felony, with an attendant firearm specification; and one count of having weapons under disability, in violation of R.C. 2923.13(A)(2)(B), a third-degree felony. Appellant proceeded to jury trial on Count One, but waived his right to a jury trial on Count Two. After hearing all the evidence and deliberating, the jury found Appellant guilty of murder and the accompanying firearm specification. Upon consideration of the evidence presented at the trial, the trial court found Appellant guilty of having weapons under disability.

**{¶3}** The trial court conducted a sentencing hearing on September 15, 2021, and imposed an aggregate term of incarceration of 21 years to life. Appellant filed a timely appeal to this Court, which affirmed his convictions and sentence. *State v. Nelson*, 5th Dist. Stark No. 2021CA00112, 2022-Ohio-4170.

**{¶4}** On February 16, 2023, Appellant filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence. On February 23, 2023, the state filed a motion for leave to file a response. Therein, the state not only requested additional time in which to

---

[1] A Statement of the Facts underlying Appellant's convictions and sentence is unnecessary to our disposition of this Appeal, however, a complete statement of the facts is set forth in our previous decision in *State v. Nelson*, 5th Dist. Stark No. 2021CA00112, 2022-Ohio-4170.

respond, but also asserted the trial court did not have jurisdiction to consider the merits of the petition as such was untimely and Appellant failed to attempt to satisfy the jurisdictional requirements of R.C. 2953.23(A).  Appellant filed a response to the state's motion for leave.  Appellant did not oppose the state's request for additional time in which to file its response to his petition for post-conviction relief, but did dispute the state's assertion the petition was untimely.  Specifically, Appellant noted:

> The Fifth District Court of Appeals issued a judgment entry on February 17, 2022 stating "that on 2/17/2022, the record was filed in the Court of Appeals. The following items were filed: (X) Docket and Journal entries from the trial court (X) Transcript of Proceedings." Accordingly, pursuant to this entry, the Petition in the instant matter was timely filed.
>
> Defendant-Petitioner's Response to State's Motion for Leave at p.1, unpaginated.

{¶5}  The trial court granted the state an extension to and including March 9, 2023, in which to file its response.  On March 9, 2023, the state filed its response in opposition. The state again asked the trial court to dismiss Appellant's petition for lack of jurisdiction.  In the alternative, the state argued the petition should be summarily denied on the basis of res judicata.

{¶6}  Via Judgment Entry filed May 25, 2023, the trial court denied Appellant's petition for post-conviction relief and granted the state's motion to dismiss. The trial court found Appellant's petition for post-conviction relief was untimely filed, and Appellant failed

to demonstrate the applicability of any of the exceptions set forth in R.C. 2953.23(A), which would permit the trial court to consider the untimely petition. The trial court further found Appellant's claims were barred by the doctrine of res judicata and were without merit.

{¶7}   It is from this judgment entry Appellant appeals, raising the following assignment of error:

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S PETITION FOR POST CONVICTION RELIEF.

I.

{¶8}   Pursuant to R.C. 2953.21(A)(1)(a), a convicted defendant who asserts a denial or infringement of constitutional rights sufficient to render his conviction void or voidable may file a petition asking the court that imposed sentence to vacate the judgment or sentence or to grant other relief.

{¶9}   We review a decision to grant or deny a petition for post-conviction relief under an abuse of discretion standard. *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, 205 N.E.3d 513, ¶ 38, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 51-52, 58. "But whether a trial court has subject-matter jurisdiction to entertain an untimely, second, or successive petition for postconviction relief is a question of law, which we review de novo." *Id.*, citing *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24.

{¶10} R.C. 2953.21(A)(2)(a) requires a petition for post-conviction relief "be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication."

{¶11} In its May 25, 2023 Judgment Entry, the trial court found, "[p]ursuant to the Clerk of Court's docket, the trial transcript was filed on February 15, 2022;" therefore, "[Appellant] was required to file his petition for post-conviction relief on or before February 15, 2023." The trial court concluded, because Appellant filed his petition on February 16, 2023, the petition was untimely. We disagree.

{¶12} Appellant maintains his petition was timely filed within the 365-day window set forth in R.C. 2953.21(A)(2)(a), as this Court's "official judgment entry" issued February 17, 2022, stated "the transcript of the proceedings had been filed that date." Brief of Appellant at p. 9. The "official judgment entry" upon which Appellant relies is the Clerk's App. R. 11(B) notice, notifying the parties and this Court the record for appeal is complete. We note an App. R. 11(B) notice from the Clerk of the Court of Appeals is not an "official judgment entry" from a Court of Appeals. "App. R. 11(B) simply requires notice be sent to the parties that the entire record is filed with the court of appeals, which includes all papers and exhibits filed in the trial court, a transcript of proceedings, and a certified copy of the docket and journal entries." *State v. Reeves*, 2nd Dist. Montgomery App. Nos. 17631 and 17768, 1999 WL 1127401. However, we find Appellant's reliance on the App. R. 11(B) notice was not misplaced.

{¶13} R.C. 2953.21(A)(2) clearly and unequivocally states, "a petition under division (A)(1)(a)(i), (ii), or (iii) of this section shall be filed no later than three hundred

sixty-five days after the date on which the trial transcript is filed in the *court of appeals* in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21 (Emphasis added).

**{¶14}** The trial transcript was filed with the Clerk of the Stark County Court of Common Pleas on February 15, 2022. The only record establishing when "the trial transcript [was] filed in the court of appeals," as required by R.C. 2953.21(A)(2), is the App. R. 11(B) notice from the Clerk of this Court, indicating "on 2/17/2022, the record was filed in the Court of Appeals. The following items were filed: (X) Docket and Journal entries from the trial court (X) Transcript of Proceedings." Accordingly, we find Appellant had 365 days from February 17, 2022, in which to file a petition for post-conviction relief and the trial court erred in finding Appellant's petition was untimely.

**{¶15}** The trial court also found Appellant's petition was barred by the doctrine of res judicata.

**{¶16}** It is well-settled, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Elmore*, 5th Dist. Licking No. 2005–CA–32, 2005-Ohio-5940 (Citation omitted.) Under the doctrine of res judicata, a final judgment of conviction bars the defendant who was represented by counsel from raising and litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). A defendant who was represented by counsel is barred from raising an issue

in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996).

**{¶17}** However, res judicata will not bar a claim of ineffective assistance of counsel if it is based upon evidence dehors the record.   *State v. Cole,* 2 Ohio St.3d 112, 113-114, 443 N.E.2d 169 (1982). Overcoming the bar of res judicata with evidence outside the record does not automatically entitle the petitioner to a hearing unless petitioner proffers "evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the [petitioner]." *Id.*

**{¶18}**  The Ohio Supreme Court in State v. *Blanton*, 171 Ohio St.3d 19, 2022-Ohio-3985, 215 N.E.2d 467, established a two-part inquiry for courts to use when evaluating a postconviction claim premised upon an allegation of ineffective assistance of counsel. *Id.* at ¶ 33-34. First, the court must conduct a res judicata analysis to determine whether the petitioner has introduced competent evidence of ineffective assistance that was not included in the trial court record. *Id.* at ¶ 33. If so, the court must determine if that evidence presents substantive grounds for relief; "that is, if believed, would the newly presented evidence—together with any evidence in the trial record—establish that counsel was ineffective?" *Id.* at ¶ 33-34. The Supreme Court cautioned courts often "conflate" these two inquiries but the "better practice is to treat [them] as analytically distinct." *Id.*

**{¶19}** Appellant's petition for post-conviction relief is premised upon evidence dehors the record; therefore, we find the trial court erred in finding the petition was bared by res judicata.  Accordingly, we find the trial court should have conducted the two-part

inquiry established by the Ohio Supreme Court in *Blanton*, supra, in evaluating Appellant's petition.

**{¶20}** Appellant's sole assignment of error is sustained.

**{¶21}** The judgment of the Stark County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this Opinion and the law.

By: Hoffman, J.

Delaney, P.J.  and

Wise, J. concur